**DELMARVA AUTO FIN. SERVICES**

**v.**

**Tyheesha WHITE.**

**Delaware Acceptance Corp.**

**v.**

**James Little.**

**Wells Fargo Bank Cards**

**v.**

**Leslie Harper.**

**Cach LLC**

**v.**

**Janie Miller.**

Nos. SK02J–06–101, SK05J–08–027, SK08J–03–100, SK09J–04–117.

Superior Court of Delaware, Kent County.

Submitted: June 27, 2014.
Decided: Aug. 15, 2014.

---

Patrick Scanlon, Esquire of Law Offices of Patrick Scanlon, P.A., Milford, Delaware; attorney for Plaintiffs.

## OPINION AND ORDER

WITHAM, R.J.

### INTRODUCTION

The issue before the Court is whether, after five years, judgments transferred from the Court of Common Pleas to the Superior Court may be executed on (*i.e.,* refreshed) by motion or by writ of *scire facias,* otherwise known as an order for a rule to show cause.

### BACKGROUND

Before the Court are four motions to allow execution on judgments from four separate cases. All of the cases involve unrepresented debtor-defendants, none of whom have appeared to challenge the motions. The creditor-plaintiffs in each case are represented by the same attorney. The specific facts of each case are largely the same; in each case, the plaintiff received a default judgment against the defendant in the Court of Common Pleas. The plaintiffs then transferred the judgments to the Superior Court, where they have since remained until the plaintiffs filed the instant motions.

Two of the cases at bar, *Wells Fargo Bank Cards v. Harper* and *Cach LLC v. Miller,* need not be addressed because the plaintiffs in those cases have already timely executed upon their judgments within five years. Accordingly, the motions in those cases are moot and the respective plaintiffs may proceed to execute on their judgments. The plaintiffs in *Delmarva Auto Financial Services v. White* and *Delaware Acceptance Corporation v. Little* did not execute on their judgments within five years. In *White,* nearly twelve years have passed between when the judgment was transferred to this Court from the Court of Common Pleas and the filing of the plaintiff's motion to allow execution. Due to the accrual of interest over time, the judgment in *White,* which was originally slightly over $6,500, is now over $21,000. In *Little,* over eight years have elapsed between the date of transfer and the filing

of the motion. The judgment in *Little* was originally over $14,000; the Court does not have before it the present value of the judgment because it is not mentioned in the plaintiff's motion.

The plaintiffs seek to allow execution on their respective judgments via motion, rather than by writ of *scire facias*. The required procedure for executing upon judgments transferred to the Superior Court from the Court of Common Pleas was addressed by this Court in *Platinum Financial Services v. Colbert*.[1] In *Colbert*, the plaintiff, relying on 10 *Del. C.* § 5072 and after more than ten years had passed from the date when it transferred its judgment from the Court of Common Pleas, sought to allow execution on its judgment via motion rather than by writ of *scire facias*.[2] This Court, based on its interpretation of the historical policies and practices underlying writs of *scire facias* as set forth in Victor Woolley's treatise, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware* (hereinafter "Woolley"), concluded: (1) that 10 *Del. C.* § 5073 was the proper statute to apply to judgments transferred from the Court of Common Pleas; and (2) both §§ 5072 *and* 5073 implicitly required that such judgments be revived after five years through writ of *scire facias*.[3]

More recently, the Delaware Supreme Court was confronted with this issue in *Knott v. LVNV Funding, LLC*.[4] The Supreme Court found that reviving a judgment after five years via motion was the proper procedure under § 5072, but further concluded that § 5073 was "likely the relevant statute that applied" to judgments transferred to the Superior Court from the Court of Common Pleas.[5] The Court further observed that under § 5073, "it may be that the judgment creditor is required to proceed by using a writ of *scire facias*, and cannot proceed through motion practice under [Superior Court Civil] Rule 64.1."[6] Despite these observations, the Supreme Court did not conclusively resolve these issues because the appellant in *Knott* did not properly raise them below.[7]

This Court heard each of the instant motions on June 27, 2014, shortly after the Supreme Court issued its decision in *Knott*. Plaintiffs' counsel—who, it is worth noting, represented the plaintiff-appellee in *Knott*—candidly discussed with the Court the uncertainty surrounding the procedure for executing on a judgment transferred from the Court of Common Pleas after five years following the *Knott* decision. Counsel agreed to consolidate the cases in the interest of judicial efficiency, and at the Court's request submitted a memorandum in support of his position that creditors need only proceed via motion practice rather than writ of *scire facias* to execute on judgments after five years.[8]

1. 2013 WL 6917144 (Del.Super. Nov. 7, 2013).

2. *Id.* at *1.

3. *Id.* at *2–3.

4. 2014 WL 2873889 (Del. June 24, 2014).

5. *Id.* at *4–5.

6. *Id.* at *6.

7. *Id.*

8. The Court appreciates the candor and insight provided by counsel in this matter. However, counsel dedicates the first portion of his memorandum to arguing that by operation of Superior Court Civil Rule 69(a) and 10 *Del. C.* § 561, the procedure of refreshing judgments is not required *at all* so long as the judgment is executed upon within 10 years. Not only is this argument beyond the scope of what the Court requested, but it is also foreclosed by the Supreme Court's decision in *Knott*, which held that judgments must be refreshed after five years. *See Knott*, 2014

Neither defendant in *White* nor *Little* has opted to argue the motions filed against them. Thus, the Court could exercise its discretion to simply grant the plaintiffs' motions instead of addressing what the proper procedure is in cases such as this. However, given the somewhat complex issues implicated in this case involving procedure, statutory construction, and the interplay between statutory authority and this Court's rules of procedure, the Court believes it would be helpful to resolve these issues now. If the Court did not address this issue now, judgment creditors would be left to guess as to what procedure to follow in the wake of *Knott*. Indeed, counsel has indicated to the Court a preference that, should the Court find that writs of *scire facias* are required after five years, the Court issue a written opinion so that counsel can appeal the decision and have the Supreme Court resolve what procedure is required. After careful consideration, the Court finds this to be the most appropriate course of action.

As discussed below, the Court concludes that *Knott* did not entirely overrule or supplant *Colbert*. For the same reasons articulated in *Colbert*, the Court finds that § 5073 applies to judgments transferred from the Court of Common Pleas, and by the statute's express language, a writ of *scire facias* is required after five years before a judgment can be executed upon. In anticipation of an appeal, the Court shall describe in detail: the development of execution practice in Delaware according to Woolley; the applicable statutes and rules; the *Knott* and *Colbert* decisions; and the basis for and reasons behind the Court's ruling in the instant case.[9]

## DISCUSSION

### Development of execution practice in Delaware

■ The starting point for any inquiry into execution practice is traditionally Woolley's treatise.[10] At common law, it was the early practice in Delaware that if a judgment was not executed upon within a year and a day from when judgment was entered, it was necessary to revive the judgment via writ of *scire facias*.[11] A writ of *scire facias* requires "the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived."[12] The rationale behind requiring the writ after a year and a day was:

> where a plaintiff lay so long after his judgment was recovered, it was presumed that the judgment was satisfied or that the plaintiff had released the execution, and therefore the defendant was not to be disturbed without being called upon and having an opportunity to show that the judgment was paid, released, or discharged, or to present any other reason why execution should not

WL 2873889, at *4. The Court shall not address this argument.

9. This Court respectfully submits that, if this decision is appealed, it would be beneficial for an attorney to be appointed to argue on behalf of the defendant-appellees.

10. *Colbert*, 2013 WL 6917144, at *2 (citing *Am. Fin. Corp. v. Webster*, 1982 WL 318026, at *1 (Del.Com.Pl. Nov. 18, 1982)).

11. Victor B. Woolley, Practice In Civil Actions And Proceedings In The Law Courts In The State Of Delaware § 955(c) (1906) [hereinafter Woolley].

12. *Knott*, 2014 WL 2873889, at *3 n. 15 (citing Black's Law Dictionary (9th ed.2009)).

issue against him.[13]

When the growing practice of using judgments to secure debts started to become cumbersome, courts began resorting to writ of *vice comes,* a fiction issued upon judgments of certain classes within a year and a day that was viewed as an effective execution, allowing for subsequent actual execution upon a judgment at any time thereafter during the life of the judgment.[14]

The use of *vices comes* was quickly criticized and highly opposed at its inception; ultimately, the General Assembly passed the Act of March 4, 1857, which extended the execution period of one year and a day to five years.[15] Under the Act, judgments could be executed upon without resort to writs of *scire facias* at any time within five years from the date of judgment.[16] If no execution (or a writ of *vices comes*) was issued within five years, a writ of *scire facias* was required.[17] The legislative intent behind the statute was to broaden the use of judgments and executions for commercial purposes.[18]

Superior Court Civil Rule 69 was enacted on July 12, 1962. The rule expressly abolished the writ of *vice comes.*[19] Other than that, Rule 69 did little to expand upon execution practice in Delaware, and simply provides "[e]xcept as herein provided the procedure on execution shall be as heretofore."[20]

### 10 Del. C. §§ 5072 and 5073

The aforementioned Act of 1857 mentioned by Woolley is codified as 10 *Del. C.* § 5072. Section 5072(a) provides that an execution on a civil judgment "may be issued ... at any time within 5 years from the time when such judgment was entered or rendered, or from the time when such judgment became due...."[21] The provision does not expressly mention writs of *scire facias,* does not specifically state what kinds of judgments it applies to other than "judgment[s] in a civil action"[22], nor does the statute state what procedure is required after five years have elapsed. The statute further provides:

This section shall only apply to cases when no execution has been previously issued to collect such judgment or instalment, and to cases where 1 or more have been issued for such purpose, and it appears by the return of the officer that such judgment or instalment, as the case may be, has not been paid or satisfied. As to all other cases the law shall remain unaffected.[23]

Woolley does not appear to mention or discuss 10 *Del. C.* § 5073. That statute provides:

An execution may be issued upon a judgment recovered before the Court of Common Pleas or a justice of the peace, and of which a transcript has been filed and entered in the Superior Court, or on

---

13. Woolley § 955(c).

14. *Id.*

15. Woolley § 956; 10 *Del. C.* § 5072.

16. Woolley § 957.

17. *Id.* Writs of *vices comes* were never recognized in Kent County. *Id.* That distinction ultimately bears little relevance to this case.

18. Woolley § 956.

19. Del.Super. Ct. Civ. R. 69(a).

20. *Id.*

21. 10 *Del. C.* § 5072(a). Execution may also issue at any time within 5 years from when an installment of a judgment falls due to collect that installment. *Id.*

22. *Id.*

23. *Id.*

a judgment upon an appeal from the Court of Common Pleas or a justice of the peace, at any time within 5 years from entering the transcript, or giving the judgment on appeal, without scire facias, unless it is necessary to make a party defendant.[24]

Several distinctions from § 5072 are obvious on the face of the statute. First, by its specific terms, § 5073 applies to judgments transferred to the Superior Court from the Court of Common Pleas or Justice of the Peace court, whereas § 5072 generally applies to judgments in a civil action. Second, under § 5073 the five-year period begins on the date when the judgment is transferred to Superior Court, not on the date when the judgment is originally entered. Third, the statute makes explicit reference to *scire facias,* whereas § 5072 does not mention *scire facias.*[25] Fourth, and finally, unlike § 5072, § 5073 does not contain additional language stating it only applies where no execution has previously been issued, and does not include language such as "the law shall remain unaffected" for all other cases.

### *Superior Court Civil Rule 64.1*

On February 28, 1963, Rule 64.1 of the Superior Court Rules of Civil Procedure was introduced. Rule 64.1 provides "[e]xcept where a rule to show cause is required by statute," any matter previously brought by rule to show cause shall be initiated via motion.[26] Such motion "may be presented ex parte with respect to any person who has not appeared in the case." [27] The Court "may require" the defendant to file an answer and/or personally attend the hearing.[28] Under Rule 64.1, a copy of the motion and accompanying order shall be served upon the defendant "in the manner provided for service of summons" or, upon appropriate showing to the court, by publication.[29]

Rule 64.1(b) reiterates that "[a] rule to show cause may be issued only where required by statute." [30] The rule states that an order for a rule to show cause "shall require the respondent to answer or otherwise plead at or before the return date and time." [31] Rule 64.1(b) also requires that an order for a rule to show cause shall state whether or not a hearing upon the rule will be held at the return date and time, "and, if not, what action the Court contemplates will be taken." [32]

This Court has previously construed Rule 64.1 in *Lane v. Bd. of Parole.*[33] Relying on Woolley, the Court found that Rule 64.1 rendered the "traditional nomenclature" associated with rules to show cause "largely obsolete." [34] The Court declined to issue an order for a rule to show cause in that case because there was "no statute authorizing a rule to show cause" for what the petitioners sought.[35]

---

24. 10 *Del. C.* § 5073.

25. However, like § 5072, § 5073 does not expressly require a writ of *scire facias* to issue after five years.

26. Del.Super. Ct. Civ. R. 64.1(a).

27. *Id.*

28. *Id.*

29. *Id.*

30. Del.Super. Ct. Civ. R. 64.1(b).

31. *Id.*

32. *Id.*

33. 2012 WL 1413987 (Del.Super. Feb. 21, 2012).

34. *Id.* at *1.

35. *Id.* at *2.

*The Superior Court's Decision in Knott*

In *LNVN Funding, LLC v. Knott*,[36] the plaintiff-creditor moved to refresh a judgment that was transferred from the Court of Common Pleas to the Superior Court over nine years after the judgment was originally entered.[37] The defendant-debtor had retained counsel, and the sole issue before the Court was whether the five-year period under § 5072 acted as a statute of limitations to bar the plaintiff from executing on the judgment.[38] Despite the fact that the judgment was transferred from the Court of Common Pleas, neither the parties nor the Court discussed § 5073; the Court only applied § 5072.[39]

The Superior Court Commissioner observed that motions to refresh a judgment were "not unusual" and "[n]ormally these motions go uncontested and the act of granting the motions becomes fairly routine."[40] The Commissioner examined Woolley's history of Delaware execution practice and concluded that § 5072 was ambiguous.[41] The Commissioner rejected the defendant's argument that the five-year period under § 5072 acted as a statute of limitations, and accepted the plaintiff's argument that, by operation of Civil Rule 64.1, the writ of *scire facias* "has fallen into the age of the demurrer and other ancient forms of pleading."[42] The Commissioner, relying on "the clear interpretation of Civil Rule 64.1 and Woolley's analysis of the judgments statute", concluded that judgments could be revived after five years via motion rather than by writ of *scire facias*.[43]

By Order dated April 23, 2013, the Superior Court affirmed the Commissioner's report and recommendation.[44] The Court noted that the Commissioner's decision was the first Delaware decision to interpret § 5072, and accepted the Commissioner's interpretation of the statute.[45] In a subsequent order denying the defendant's motion for reargument, the Court discussed the procedure for executing on a judgment under § 5072:

> At common law, after a year and day, the creditor had to file a writ of *scire facias* in order to execute. Since the abolition of writ practice in Superior Court, the creditor today files a motion to renew the judgment. We note particularly that section 5072 makes no provision that bars a creditor from collecting on his judgment after the expiration of 5 years. Thus we agree with the conclusion in *Woolley* that a creditor may proceed by writ of *scire facias* after the expiration of 5 years, and by today's pleading with a motion to renew the judgment. The 5 years standard articulated in 10 *Del. C.* § 5072 seems to us at best a presumption that a debt has been

36. The caption for this case spells the creditor's name as "LNVN Funding" in the Commissioner's decision and the Superior Court's adoption of the Commissioner's report and recommendation. The caption for the Superior Court's order denying the defendant's motion for reargument, as well as the Supreme Court caption, spells it as "LVNV Funding."

37. *LNVN Funding, LLC v. Knott*, 2012 WL 6853516, at *1 (Del.Super. Dec. 24, 2012).

38. *Id.*

39. *See id.*

40. *Id.*

41. *Id.* at *1–2.

42. *Id.* at *2.

43. *LNVN Funding*, 2012 WL 6853516, at *2.

44. *LNVN Funding, LLC v. Knott*, C.A. No. SN04J–04–116, at *2 (Del.Super. Apr. 23, 2013) (ORDER).

45. *Id.*

satisfied after 5 years, but this is more of historical interest than legal effect, and is easily rebutted by the creditor in notifying the Court that the debt has not been extinguished.[46]

In a footnote, the Court described writs of *scire facias* as "hav[ing] been what was in effect a rule to show cause why execution should not issue."[47] The Court observed that motions to renew a judgment "giv[e] the debtor the opportunity to contest whether the judgment should be renewed" and act as the "functional equivalent" to a writ of *scire facias*.[48]

### The Colbert Decision

In *Platinum Financial Services Corporation v. Colbert*, this Court was confronted with issue of whether a writ of *scire facias* was necessary to revive a judgment transferred to the Superior Court from the Court of Common Pleas after five years.[49] More than eleven years had passed since the judgment in *Colbert* was entered in the Court of Common Pleas, and more than five years had passed since the judgment was transferred to the Superior Court.[50] The plaintiff, relying on § 5072 and the Commissioner's decision in *Knott*, argued that no writ of *scire facias* was necessary and contended that it could

execute on the judgment via motion under Rule 64.1.[51] Unlike many of these cases which go uncontested, the defendant had filed a written response *pro se* indicating no knowledge whatsoever of the judgment and argued that the judgment should not be executed upon because more than ten years had passed.[52]

After carefully considering the *Knott* decision, Woolley, and the relevant statutes, this Court held that a writ of *scire facias* was required in order to execute on the judgment because more than five years had passed from when the judgment was transferred from the Court of Common Pleas to the Superior Court.[53] The Court concluded that § 5073 was the proper statute to apply rather than § 5072, because "by its unambiguous terms" § 5073 specifically applied to judgments transferred from the Court of Common Pleas.[54] This Court further found, relying on traditional canons of statutory construction, that requiring writs of *scire facias* after five years in order to give the defendant-debtor their day in court was an implied "statutory requirement" under both §§ 5072 and 5073, that served to protect debtor-defendants when plaintiffs delay on executing on a judgment, accruing excessive amounts of interest in the process.[55] The Court

---

**46.** *LVNV Funding, LLC v. Knott*, C.A. No. SN04J–04–116, at *5 (Del.Super. July 31, 2013) (ORDER).

**47.** *Id.* at *5 n. 9.

**48.** *Id.*

**49.** *Platinum Fin. Servs. Corp. v. Colbert*, 2013 WL 6917144, at *1 (Del.Super. Nov. 7, 2013).

**50.** *Id.* at *2.

**51.** *Id.* at *1.

**52.** *Id.*

**53.** *Id.* at *3–4.

**54.** *Id.* at *2.

**55.** *Colbert*, 2013 WL 6917144, at *3. The Court's conclusion was also motivated by the earlier Superior Court decision in *G. Murray Derrington PCF Mgmt. v. Wedin*, in which the Court applied § 5073 and issued a writ of *scire facias* after more than ten years had passed from the date when the judgment sought to be executed upon was transferred from the Court of Common Pleas. 2010 WL 774177, at *1 (Del.Super. Feb. 23, 2010). The Court in that case also reduced the large amounts of interest sought by the plaintiff-creditor because of the plaintiff's delay in executing on the judgment. *Id.* at *2. However, as counsel in the instant proceedings point out, because of the specific facts of that case,

reached this conclusion based on the policies enunciated by Woolley of protecting the defendant when the plaintiff "lay so long after his judgment was recovered" and the statutory language of both provisions.[56] Such language in § 5072 includes the statement "[a]s to all other cases the law shall remain unaffected,"[57] indicating that what Woolley referred to as the statutory requirement of requiring *scire facias* after five years remained in effect despite not being explicitly mentioned by statute. Likewise, the Court found that the express reference to writs of *scire facias* in § 5073 implied that such writs were required after five years.[58] Based on the Court's conclusion that writs of *scire facias* were statutorily required after five years, the Court found that Civil Rule 64.1 did not apply.[59] Thus, the Court required the plaintiff to proceed by writ of *scire facias* rather than by motion.[60]

### The Supreme Court's Decision in Knott

While this Court was deciding *Colbert,* the debtor-defendant in *Knott* had appealed the Superior Court's decision to the Supreme Court. The Supreme Court held oral arguments on May 7, 2014. The Justices directed many of their questions towards determining whether § 5073 should have been applied rather than § 5072, and, if so, whether proceeding by writ of *scire facias* was required after five years.[61] Appellee's counsel acknowledged that § 5073 was the "more applicable statute" and explained that the "general statute" (§ 5072) was mistakenly cited to the Superior Court below.[62] When asked by the Chief Justice what the result would be if § 5073 was found to require writs of *scire facias* after five years, counsel responded that the Supreme Court "has to proceed that way," but argued that was not the interpretation that should be drawn.[63]

The following exchange occurred later on during oral arguments between the appellee's counsel and Justice Holland:

Justice Holland: But if you show up in response to a motion, and its really a 5073 case, you say 'they should have issued a writ,' and they didn't issue a writ, and you can't proceed by motion because it's been more than five years ....you're talking about the procedure to follow after five years.

Counsel: I guess my point was that's a pyrrhic victory, because you just come back a month later and you're in the same position. I think what's important here is that the defendant got notice and an opportunity to be heard [by notice of the motion]....

Justice Holland: We could agree with you. But as a court, we have a statute,

---

*Wedin* is sufficiently distinct as to not apply to the motions before the Court.

56. *Colbert,* 2013 WL 6917144, at *3.

57. 10 *Del. C.* § 5072(a).

58. *See Colbert,* 2013 WL 6917144, at *3; 10 *Del. C.* § 5073.

59. *Colbert,* 2013 WL 6917144, at *3.

60. *Id.* at *4.

61. Oral Argument at 13:27–14:24, *Knott v. LVNV Funding, LLC,* 95 A.3d 13 (Del. Supr.2014), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

62. Oral Argument at 13:34–13:45, *Knott,* 95 A.3d 13 (No. 453, 2013), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

63. Oral Argument at 19:37–19:42, *Knott,* 95 A.3d 13 (No. 453, 2013), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

and the statute says 'here's the 5072 way, here's the 5073 way.' Even if it's a pyrrhic victory, it seems to be one that was legislated. How can we, as a court, say ... 'substantial compliance, actual notice, close enough?' [64]

Towards the conclusion of oral arguments, Justice Ridgely suggested that the solution to the confusion created by §§ 5072 and 5073 might not be the General Assembly amending those statutes, but the Superior Court amending Civil Rule 64.1.[65] Justice Ridgely suggested that pursuant to 10 *Del. C.* § 561,[66] the Superior Court could amend Rule 64.1 to simplify the execution process by providing that all judgments could be executed upon after five years via motion.[67] Such amendment would, by operation of § 561, trump any conflicting statutory provisions such as § 5073.[68]

By opinion dated June 24, 2014, the Supreme Court affirmed the lower court's grant of the plaintiff-creditor's/appellee's motion to refresh the judgment.[69] The Court, which relied on Woolley in tracing the common law practice of judgment execution,[70] agreed with the Commissioner that § 5072 was ambiguous, but rejected the defendant-debtor's argument that the provision acted as a statute of limitations.[71] The Court held that under § 5072 and Civil Rule 64.1, motion practice has replaced rules to show cause (*i.e.*, writs of *scire facias*) as "the proper procedural method to allow the creditor to execute on its judgment after five years had elapsed." [72]

The Supreme Court further observed, without definitively deciding, that § 5073 was "likely" the statute that should have been applied by the lower court, because the judgment had been transferred from the Court of Common Pleas.[73] The Supreme Court also observed that the language of § 5073 "[b]y implication" leads to the conclusion that "a judgment creditor can execute on a judgment after five years if a writ of *scire facias* is used." [74] The Supreme Court went on to state:

> Section 5072 does not identify the procedure that a judgment creditor must follow to execute on a judgment after five years. At common law, the judgment

---

64. Oral Argument at 32:15–33:33, *Knott*, 95 A.3d 13 (No. 453, 2013), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

65. Oral Argument at 36:50–37:03, *Knott*, 95 A.3d 13 (No. 453, 2013), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

66. Section 561 provides that rules adopted and promulgated by the Superior Court which regulate practice and procedure for civil actions, including rules pertaining to the "form, issuance and return of process and writs," shall after becoming effective "supersede all statutory provisions in conflict or inconsistent therewith." 10 *Del. C.* § 561(a); (c). The statute provides that any conflict or inconsistency between a Superior Court Rule of Civil Procedure and statutory provisions pertaining to such procedures "shall be re-

solved in favor of such rule of court." 10 *Del. C.* § 561(d).

67. Oral Argument at 36:50–37:03, *Knott*, 95 A.3d 13 (No. 453, 2013), *available at* http://courts.delaware.gov/supreme/oralargs/video/2014–05–07_453,_2013_Knott_v_Lvnv_Funding.mp4.

68. *Id.*

69. *Knott v. LVNV Funding, LLC*, 95 A.3d 13, 21 (Del.2014).

70. *Id.* at 16–17.

71. *Id.* at 21.

72. *Id.* at 17

73. *Id.* at 19.

74. *Id.*

creditor would have proceeded through the use of a writ of *scire facias,* which is the equivalent of the modern rule to show cause. Because § 5072 is silent as to the procedure that the judgment creditor must follow, Superior Court Civil Rule 64.1 ... allows judgment creditors to proceed by motion to refresh the judgment.

But § 5073 is somewhat different. Its text states that a judgment creditor may execute at any time within five years without a writ of *scire facias,* implying that the judgment creditor can only execute after five years with a writ of *scire facias.* Because the statute explicitly refers to the writ of *scire facias,* it may be that the judgment creditor is required to proceed by using a writ of *scire facias,* and cannot proceed through motion practice under Rule 64.1.[75]

Despite the above observations, the Supreme Court did not definitively rule that § 5073 should have applied or that writs of *scire facias* were required after five years, because the appellant/creditor-plaintiff had waived this argument by not properly raising it below.[76] The Supreme Court found that proceeding by motion rather than by writ of *scire facias* "did not deprive Knott of any due process right or subject her to any unfairness."[77] The Court noted that the use of motion rather than writ to revive the judgment "appears to have advantaged, rather than prejudiced" the debtor-defendant, because a rule to show cause would have required the defendant to appear in court to show why the judgment should not be executed on, whereas by motion the plaintiff "assumed the burden" to show that the judgment should be refreshed.[78]

### Uncertainty after Knott

Before addressing counsel's arguments on the motions in the instant case, it is necessary to first address the effect of the Supreme Court's decision in *Knott* on *Colbert.* *Colbert* held that while § 5073 was the proper statute to apply when reviving judgments transferred from the Court of Common Pleas to the Superior Court, under both §§ 5072 and 5073 the proper procedure was writ of *scire facias* rather than by motion.[79] This Court believed this result to be in accord with the practices and policies noted by Woolley—namely, that when the plaintiff delays in executing on the judgment, the defendant is given the opportunity to appear to defend against execution and argue why the judgment should not be executed upon.[80] The large amount of interest being sought in that case, which the defendant argued should not be enforced, was also a driving factor in the Court's decision.[81]

As noted above, the Supreme Court's decision in *Knott* appears to definitively rule on what procedure is required under § 5072, but leaves open the question of what is required under § 5073. The Supreme Court, relying in part on Woolley, expressly found that because § 5072 did not explicitly mention writs of *scire facias,* Rule 64.1 amended the common law to replace using writs after five years with motion practice.[82] This Court respectfully observes that it could be argued that

75. *Knott,* 95 A.3d at 20 (internal citations and quotations omitted).

76. *Id.*

77. *Id.*

78. *Id.*

79. *Colbert,* 2013 WL 6917144, at *4.

80. *Id.* at *3.

81. *Id.*

82. *Knott,* 95 A.3d at 16–17.

§ 5072 does in fact require a judgment creditor to revive their judgment after five years, based on the statute's use of the language "[a]s to all other cases the law shall remain unaffected."[83] It could fairly be inferred from that language that while the original execution period of a year and a day had been extended to five years, the requirement of *scire facias* as the procedural mechanism necessary to revive the judgment remained after the statute was enacted. Rule 64.1 expressly states that it replaces use of rule to show cause with motion practice "[e]xcept where a rule to show cause is required by statute"[84]; there is no language in the rule to indicate that such requirement must be expressly stated in the statute.[85] Thus, it could be argued that § 5072 implicitly requires writs of *scire facias*/rules to show cause after five years in order to revive the judgment. This would implicate the more stringent procedures for rules to show cause under Rule 64.1(b) rather than the more lax procedures for motion practice under Rule 64.1(a).

The Court makes the above observations simply to expand upon its rationale in *Colbert*. Because the *Knott* Court clearly held that motions filed pursuant to Rule 64.1 are the proper procedure for reviving judgments that fall within the scope of § 5072, any aspect of the *Colbert* case that held otherwise has been implicitly overruled. However, the Supreme Court was less clear in regards to § 5073. Despite observing that § 5073 was "likely" the relevant statute to apply to judgments transferred from the Court of Common Pleas and that the judgment creditor "may have

been required" to proceed by writ of *scire facias*, the *Knott* Court did not definitively rule as such.[86] Based on this aspect of the *Knott* decision, judgment creditors may now be left to guess as to how to revive judgments transferred from the Court of Common Pleas to the Superior Court when more than five years have passed from the date of transfer. The Supreme Court's decision also seems to hold that even if the required procedure is writ of *scire facias* after five years, a debtor-defendant can waive this requirement if they appear to argue the merits of whether the judgment creditor should be allowed to execute on the judgment.[87]

The instant motions directly implicate the issue of what procedure is needed to revive such judgments after five years. The Court shall first address counsel's arguments as to why motion practice is the proper procedural mechanism rather than writ of *scire facias*. The Court shall then discuss why it still concludes, as it did in *Colbert*, that writs of *scire facias* are required after five years to revive judgments transferred from the Court of Common Pleas.

### Counsel's contentions and competing considerations

Counsel, who brings particular insight to these proceedings based on his involvement in the *Knott* case, argues that the required procedure for executing on judgments after five years should be by motion rather than by writ of *scire facias*. As he did during oral arguments in *Knott*, counsel acknowledges that because "these cases

---

83. 10 *Del. C.* § 5072.

84. Del.Super. Ct. Civ. R. 64.1(a).

85. As noted *supra*, the only interpretation of Rule 64.1 prior to the *Knott* and *Colbert* cases was that there must be statutory authorization for a rule to show cause to issue, not that it

must be expressly required. *Lane*, 2012 WL 1413987 at *2.

86. *Knott*, 95 A.3d at 20.

87. *See id.*

were transferred from the Court of Common Pleas the statute that applies is 10 *Del. C.* § 5073." Counsel argues that there is no statute that provides the manner in which a judgment creditor must secure permission to execute after five years. Counsel contends that § 5073 merely codifies the common law, and that the common law was modified by Rule 64.1, which supplanted the use of writs with motion practice.

Counsel further argues that there are "significant" differences between the processes of reviving a judgment via motion and via writ of *scire facias*/rule to show cause. Counsel states that for motions, notice is served upon the debtor-defendant by certified mail at his last known address, whereas the procedure for an order for a rule to show cause is "really quite awkward," involving stricter notice requirements (such as providing a specific hearing date on which the defendant is to appear in court to show cause why the judgment should not be enforced) and requires personal service by the Sheriff. Counsel contends that it is "common" that the Sheriff cannot personally serve the defendant within the required time frame, for various reasons: the defendant may simply refuse to answer the door, or the defendant may be unavailable, at work or abroad when the Sheriff attempts service. Counsel argues these more stringent requirements make it more difficult to accomplish service than by motion and create greater expense for the judgment creditor. Counsel also argues that rules to show cause are unnecessary, because defendants "frequently" respond to levies and wage attachments with motions to quash or motions to reopen the judgment. Counsel contends that "[t]he doors to the Courthouse are wide open for a defendant who feels a creditor should not be able to execute on a judgment" and states "[i]t is not necessary to drag the defendant into the Courtroom to afford him this opportunity."

Counsel's arguments are well taken and greatly appreciated by the Court, which did not have the benefit of these arguments when it decided *Colbert.* Because the defendants in the motions at bar have not appeared, the Court does not have the benefit of counterarguments in favor of writs of *scire facias.* As the Court cannot and will not take the role of advocate, the Court must rely on the considerations that have already been previously recognized in *Colbert*—namely, that when a judgment creditor delays without attempting to execute, the defendant should be given the opportunity to appear in court to show cause why the judgment should not be executed upon. This would simultaneously give the defendant the opportunity to argue why the interest sought by the creditor—which, depending on how much time has passed, may be quite significant, such as is the case with defendant Tyheesha White in the instant motions—should not be rewarded.

As to counsel's arguments regarding the differences in notice and service between motions and writs of *scire facias*/rules to show cause, the Court notes that the procedure for issuing an order for a rule to show cause need not be as unwieldily as counsel describes. Rule 64.(1)(b) describes the procedure for orders for rule to show cause as requiring an answer from the defendant; the notice requirements are stricter than for motions under Rule 64.1(a). However, Rule 64.1(b) also provides that the order "shall state whether or not a hearing upon the rule will be held at the return date and time and, if not, what action the Court contemplates will be taken." [88] Thus, a hearing on the rule need not always be required, such as if the

---

88. Del.Super. Ct. Civ. R. 64.1(b).

responsive pleading by defendant indicates that it is not necessary.

Finally, the Court takes notice, as the Superior Court did in *Knott*, that motions to allow execution are routinely uncontested by defendants. However, such motions typically do not include much information, such as the amount of the original judgment or why the creditor has waited so long to execute.[89] It could be argued that requiring revival after five years by writ ensures that the creditor will provide greater information to the Court, and guarantees a response by the defendant. Additionally, based on the Supreme Court's decision in *Knott*, the defendant could simply choose to waive the writ of *scire facias* requirement by choosing to challenge other aspects of the judgment.

*Section 5073 applies to judgments transferred from the Court of Common Pleas, and requires a writ of scire facias after five years in order to revive the judgment*

 Taking the foregoing cases and policies under careful consideration, the Court stands by its original holding in *Colbert* that: (1) § 5073 applies to judgments transferred from the Court of Common Pleas to the Superior Court; and (2) under § 5073, a writ of *scire facias* is required (*i.e.*, an order for a rule to show cause must be issued upon the defendant) if more than five years have passed and the creditor has not previously executed upon the judgment.

As to the Court's first conclusion, the Supreme Court all but reached the same decision in *Knott*. The only reason the Supreme Court did not definitively rule on this issue is because the appellant in that case had waived the argument. Further, counsel has essentially conceded that § 5073 is the proper statute to apply to judgments transferred from the Court of Common Pleas rather than § 5072, and admitted to the Supreme Court during oral arguments in *Knott* that it was only due to mistake that the parties in that case proceeded under § 5072 rather than § 5073. It is a well accepted rule of statutory construction that "[w]here possible, a court will attempt to harmonize two potentially conflicting statutes dealing with the same subject. If they cannot be reconciled, however, the specific statute must prevail over the general."[90] The potential conflict here is that § 5073 may require a writ of *scire facias* after five years whereas § 5072, as construed by the Supreme Court in *Knott*, does not and allows for refreshing a judgment by motion. Because, by its very terms, § 5073 specifically applies to judgments transferred from the Court of Common Pleas whereas § 5072 generally applies to all judgments in civil actions, it follows that § 5073 is the statute that must be applied when a creditor seeks to execute on a judgment transferred from the Court of Common Pleas to the Superior Court.

As to the second conclusion stated above, the Court, after considering the Supreme Court's decision in *Knott*, the text of § 5073, and the above-stated policy considerations, concludes that § 5073 requires a judgment creditor to proceed by writ of *scire facias* rather than by motion. The first step in statutory construction is determining whether a statute is ambigu-

---

**89.** An example of this can be found in the instant cases; the motion pertaining to defendant James Little contains hardly any information at all, including the amount of the judgment which the plaintiff seeks to execute on.

**90.** *Turnbull v. Fink*, 668 A.2d 1370, 1377 (Del. 1995) (citing *Hamilton v. State*, 285 A.2d 807, 809 (Del.1971)).

ous.[91] A statute is ambiguous if it is "reasonably susceptible to different conclusions or interpretations; or ... a literal interpretation of the words of the statute would lead to an absurd or unreasonable result that could not have been intended by the legislature."[92] Sensible and rational constructions are favored over alternatives that would produce patent absurdity, and courts must attempt "to give full effect to the whole of a statute in order to avoid yielding superfluous surplusage."[93] The goal of statutory construction is to ascertain and give effect to the intent of the legislature.[94] Under the doctrine of *in pari materia*, related statutes "must be read together rather than in isolation, particularly when there is an express reference in one statute to another statute."[95]

Section 5073 is ambiguous, in that it explicitly states that judgments may be executed upon "at any time within 5 years ... without scire facias,"[96] but does not otherwise state what is required after five years. While Woolley does not directly address § 5073, Woolley does discuss § 5072 and the policies and practices leading to the enactment of that statute. Based on this, the legislative intent behind § 5073 (which is almost substantively identical to § 5072) can be inferred to be to provide some degree of protection to debtors when a judgment creditor allows his judgment to lay so long without executing on it, by providing the debtor with an opportunity to appear in court and argue—

*i.e.*, show cause—why the judgment should not be enforced. Perhaps the debtor believes the judgment to be satisfied in good faith; or the debtor never had notice of the judgment in the first place; or the debtor, while not disputing the judgment itself, disputes the interest sought by the creditor. Woolley illustrates that the practice of requiring writs of *scire facias* to revive judgments represents a balance between the competing interests of judgment creditors's rights and the commercial nature that judgments have taken on, on the one hand, and the debtor's rights to adequate due process protections when the creditor waits so long to execute, on the other. The practice is not so restrictive as to act as a statute of limitations or otherwise penalize the judgment creditor for delay, while still affording the debtor some degree of (but not absolute) protection. This rationale can fairly be inferred from the General Assembly's express reference to *scire facias* in the statute.

The Court concludes that based on the foregoing, the General Assembly intended for § 5073 to require writs of *scire facias* after five years. This is a sensible and rational construction of the statute based on the policies enunciated by Woolley. Further, to hold otherwise would render the language of "without scire facias" mere meaningless surplusage. Applying the doctrine of *in pari materia* to read § 5073 in conjunction with Rule 64.1, because the Court concludes that § 5073 requires writs

91. *Leatherbury v. Greenspun*, 939 A.2d 1284, 1288 (Del.2007) (citing *Newtowne Village Serv. Corp. v. Newtowne Road Dev. Co.*, 772 A.2d 172, 175 (Del.2001)).

92. *Id.* (citing *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 68 (Del.1993)).

93. *Colbert*, 2013 WL 6917144, at *3 (citing *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp.*, 36 A.3d 336, 343–44 (Del. 2012)).

94. *Rubick v. Security Instrument Corp.*, 766 A.2d 15, 18 (Del.2000) (citing *Ingram v. Thorpe*, 747 A.2d 545, 547 (Del.2000)).

95. *Richardson v. Bd. of Cosmetology and Barbering of the State*, 69 A.3d 353, 357 (Del. 2013).

96. 10 *Del. C.* § 5073.

of *scire facias* after five years, the rule's exception for where rule to show cause is required by statute precludes the rule's application. To hold that motion practice under Rule 64.1(a) applies would, as the Supreme Court observed in *Knott,* result in the burden being shifted to the judgment creditor to show why their own judgment should be enforced—a result that neither the General Assembly nor the rule drafters likely anticipated. This would create (and in fact has created) circumstances where the burden of refreshing a judgment has been shifted to the judgment creditor, but this burden shift has little practical benefit to the debtor because of the lax notice and procedural requirements of Rule 64.1(a). This seems to the Court an unreasonable result that is contrary to the policies and practices described by Woolley and underlying both § 5073 and Rule 64.1.

The language of Rule 64.1 further supports the Court's conclusion, as the separation of the rule into subparts (a) and (b), with (a) allowing for motion practice with less stringent notice and service requirements (such as allowing for notice by publication), and (b) with more protective requirements for rules to show cause, illustrates that the drafters contemplated times where the General Assembly would require greater protection for parties that mere motion practice does not provide. The language of the rule also belies counsel's argument that rules to show cause/writs of *scire facias* are especially cumbersome to notice and serve, as Rule 64.1(b) allows for some flexibility so long as the party on whom the rule is served has an opportunity to file a responsive pleading.

■ The Court is cognizant of the fact that this conclusion will lead to inconsistent procedures under §§ 5072 and 5073: when a creditor seeks to execute on a judgment originally entered in Superior Court after five years, they may do so by motion, whereas when a creditor seeks to execute on a judgment transferred from the Court of Common Pleas after five years, they may do so by writ of *scire facias*/rule to show cause. It could be argued that the General Assembly, by expressly referencing *scire facias* in § 5073 but not § 5072, recognized that the concerns that originally led to the practice of requiring writs of *scire facias* after a year and a day are implicated more by judgments that are transferred from one court to another than by those that are not. Regardless of the explanation, the Court cannot escape this conclusion based on the reasons stated *supra,* and does not find the inconsistent procedure absurd or unreasonable such as to preclude this interpretation. Indeed, as was recognized by Justice Holland during oral arguments in *Knott,* this may result in pyrrhic victories for debtors where the creditor initially proceeds by motion and is forced to return to court later via rule to show cause. However, it is a pyrrhic victory that was legislated.

For the reasons stated *supra,* the Court concludes that the motions to allow execution in the cases of *Delmarva Auto Financial Services v. White* and *Delaware Acceptance Corporation v. Little* must be denied. The motions in the other two cases are moot and need not be decided because the plaintiffs in those cases have already executed upon those judgments. The Court finds that the portion of its decision in *Colbert* that was not implicitly overruled by *Knott* need not be revisited or otherwise changed.

As noted *supra,* in the event the plaintiffs choose to appeal this case, it would be worthwhile for the Supreme Court to appoint counsel to argue on behalf of the defendant-appellees, as this Court did not

have the benefit of such arguments. Looking ahead beyond the scope of this case, regardless of the outcome on appeal, the problems created by §§ 5072 and 5073 may possibly be remedied by amendment of those statutes by the General Assembly. Another potential solution was suggested by Justice Ridgely during oral arguments in *Knott:* Rule 64.1 may be amended by the Superior Court to require motions to refresh or rules to show cause in order to revive all judgments after five years. This may be as easy as simply removing or rephrasing the exceptions in subparts (a) and (b) allowing for rules to show cause only where required by statute. By operation of § 561, the amended rule would invalidate §§ 5072 and 5073 and be the sole procedural authority for executions on judgments after five years.

## CONCLUSION

In *Delmarva Auto Financial Services v. White* and *Delaware Acceptance Corporation v. Little,* the plaintiffs' motions to allow execution are **DENIED.** In *Wells Fargo Bank Cards v. Harper* and *Cach LLC v. Miller,* the plaintiffs' motions are moot because they are not necessary; the plaintiffs in those cases may execute on their respective judgments.

**IT IS SO ORDERED.**

