# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LAWRENCE E. MERGENTHALER,<br>a resident of the State of Delaware,<br><br>Plaintiff,<br><br>v.<br><br>TRIUMPH MORTGAGE CORP.,<br>a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 09C-09-203 AML<br>)<br>)<br>)<br>)<br>)<br>) |

Submitted: November 13, 2019
Decided: December 20, 2019

## DECISION AFTER REMAND

John A. Sergovic, Jr., Esquire, SERGOVIC & CARMEAN, P.A., Georgetown, DE;
*Attorney for Plaintiff.*

Richard L. Abbott, Esquire, ABBOTT LAW FIRM, Wilmington, Delaware;
*Attorney for Defendant.*

**LeGROW, J.**

On October 24, 2019, the Delaware Supreme Court issued its decision affirming in part, reversing in part, and remanding this Court's decision denying a motion to quash a writ of attachment *fieri facias*. The Supreme Court remanded the case so this Court could "decide whether [*Delaware Acceptance Corp. v. Schatzman*[1]] should apply retroactively to this case."[2] After considering the parties' memoranda of law submitted after remand and the authorities cited by the Supreme Court and the parties, I conclude the *Schatzman* decision should apply retroactively. My reasoning follows.

## FACTUAL AND PROCEDURAL BACKGROUND

The complicated and arduous history of this case is summarized fully in earlier decisions issued by this Court and the Delaware Supreme Court. For the sake of efficiency and brevity, I will not repeat those facts here. Rather, the following factual recitation is limited to the facts essential to resolving the retroactivity question remanded to this Court.

Lawrence Mergenthaler obtained a $207,599.59 default judgment against Triumph Mortgage Corporation ("Triumph") on January 15, 2010. On November 29, 2016, Mergenthaler filed a writ of attachment *fieri facias* (the "2016 Writ") in order to seize assets in a brokerage account that was pledged to Triumph. Triumph

---

[1] 2018 WL 526596 (Del. Jan. 23, 2018).
[2] *Triumph Mortg. Corp. v. Mergenthaler*, No. 621, 2018, slip op. at 13 (Del. Oct. 24, 2019).

1

moved to quash the 2016 Writ because, among other reasons, it was issued more than five years after the judgment's entry and Mergenthaler had not first moved to refresh the judgment.

The parties' dispute, fairly summarized, involved the interplay of two statutes and a Court rule. Under 10 *Del. C.* § 5072, a creditor may execute on a judgment within five years, but after such time period the creditor must file a motion to renew the judgment.[3] Delaware Superior Court Rule 69(a), however, extends from five years to ten years the time period during which a judgment creditor may execute on a judgment without moving to renew. And, 10 *Del. C.* § 561 allows the Superior Court to adopt rules of procedure and provides that such rules supersede conflicting state statutes unless the rules abridge, enlarge, or modify any party's substantive rights. Therefore, the question raised by Triumph's motion to quash was whether the time period for judgment renewal was a procedural rule, in which case Rule 69(a) controlled, or a substantive right, in which case Section 5072 controlled.

While this Court was considering the motion to quash, a different Superior Court judge issued his decision in *Delaware Acceptance Corp. v. Schatzman* ("*Schatzman*").[4]  In *Schatzman*, the Court explained the Superior Court

---

[3] *Triumph Mortg. Corp.*, slip op. at 6 (citing *Knott v. LVNV Funding, LLC*, 95 A.3d 13, 15 (Del. 2014)).
[4][4] *Delaware Acceptance Corp. v. Schatzman*, S10J-03-032 and *Evans v. G-33, Inc.*, SS08J-03-068 (Del. Super. June 1, 2017) (LETTER ORDER)

2

Prothonotary's Office in Sussex County had refused to issue execution writs more than five years after entry of a judgment. The *Schatzman* Court held that Rule 69 "alters the 'rules of decision' to adjudicate the rights between debtors and creditors," and therefore did not supersede Section 5072.[5] The *Schatzman* Court therefore held that a judgment must be renewed every five years, notwithstanding the language in Rule 69(a).

This Court stayed consideration of the motion to quash while the *Schatzman* decision was appealed. After the Delaware Supreme Court affirmed *Schatzman*, Mergenthaler filed a motion to renew the judgment against Triumph *nunc pro tunc* so that it retroactively would be renewed to January 14, 2015. Mergenthaler argued the judgment should be renewed retroactively because he diligently had pursued execution and did not renew the judgment after five years based on the Superior Court's practice of not requiring renewal until ten years after a judgment's entry.

After considering the parties' arguments, this Court denied the motion to quash the 2016 Writ and granted Mergenthaler's motion to renew the judgment *nunc pro tunc*. The Court reasoned that before *Schatzman* was decided, the New Castle County Prothonotary's practice was to issue writs for ten years after a judgment was entered. That is, the Prothonotary's practice was to follow Rule 69 rather than Section 5072. On appeal, the Delaware Supreme Court reversed this aspect of the

---

[5] *Triumph Mortg. Corp.*, slip op. at 6

3

Court's opinion, explaining that "[a] *nunc pro tunc* order 'cannot do more than supply a record of something that actually was done at the time to which it is retroactive.'"[6] Giving retroactive effect to a motion to renew which was not filed on the retroactive date was not a proper application of the *nunc pro tunc* doctrine, and the Delaware Supreme Court therefore reversed that portion of this Court's ruling.

The Supreme Court, however, also remanded the case to this Court to consider whether *Schatzman* should apply retroactively, explaining:

> The Superior Court found that Mergenthaler relied on the Superior Court's pre-*Schatzman* practices when deciding not to renew the judgment before seeking attachment. While the 'presumption is in favor of giving a decision retroactive effect,' this Court has adopted a three-factor test to determine whether to apply a decision retroactively. . . . Because the Superior Court did not address whether *Schatzman* should apply retroactively to this case, and Mergenthaler sought attachment before we, or the Superior Court, issued the *Schatzman* decision, we remand to the Superior Court to decide whether *Schatzman* applies retroactively.[7]

The Supreme Court retained jurisdiction. At this Court's request, each side filed simultaneous memoranda of law addressing only the retroactivity issue. As one might predict, Mergenthaler argues the three-factor test weighs against retroactive application, while Triumph argues the test weighs in favor of retroactive application.

---

[6] *Triumph Mortg. Corp.*, slip op. at 7.
[7] *Id.* at 12-13 (internal citations omitted).

4

## ANALYSIS

There is no set principle governing when a new rule of decisional law should apply retroactively.[8] Although there is a presumption in favor of retroactivity, the United States Supreme Court has identified a three-factor balancing test that recognizes that "statutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct."[9] The Delaware Supreme Court expressly has adopted that balancing test, referred to as the *Chevron* test.[10] The *Chevron* test requires a court to weigh whether: (1) the decision at issue established a new principle of law, either by overruling clear past precedent on which litigants relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) retrospective application will advance or hinder the operation of the new rule in view of its prior history; and (3) applying the decision retroactively will produce substantial inequitable results.[11]

The burden of persuasion falls on the party seeking to avoid retroactive application.[12] Unless the weight of the three factors favors prospective application, the new rule of law will apply retroactively.[13]

---

[8] *Juzwin v. Asbestos Corp.*, 900 F.2d 686, 692 (3d Cir. 1990).
[9] *Id.* at 692 (quoting *Lemon v. Kurtzman*, 411 U.S. 192, 199 (1973)); *Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1210-11 (Del. 1992).
[10] *Stoltz*, 616 A.2d at 1210.
[11] *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971); *Stoltz*, 616 A.2d at 1210.
[12] *Stoltz*, 616 A.2d at 1210.
[13] *Id.* at 1210-11.

5

Mergenthaler argues the first factor weighs against retroactive application and cites this Court's previous finding that Mergenthaler relied on the New Castle County Prothonotary's practice of following Rule 69(a) rather than Section 5072.[14] Mergenthaler's reasoning falters, however, because the *Chevron* test's first factor is limited to cases in which the new principle of law overruled *clear* past precedent. In *Stoltz*, the Delaware Supreme Court held that the first factor was not met where the previous authority on which the plaintiff relied was not "established precedent."[15] According to *Stoltz*, statements in dicta do not rise to the level of clear past precedent, and it follows that the unwritten practice of the Prothonotary's office also cannot satisfy that element.[16] Moreover, although the Prothonotary's practice was to follow Rule 69(a), dicta in decisions predating *Schatzman* suggested that a judgment creditor must renew a judgment every five years.[17] Accordingly, the first *Chevron* factor does not favor Mergenthaler because the Prothonotary practice on which he relied was not clear past precedent, and the *Schatzman* decision was foreshadowed by other decisions that predated the 2016 Writ.

The second *Chevron* factor, whether the rule's operation will be advanced or impeded by retroactive application, neither favors nor disfavors Mergenthaler's

---

[14] Pl.'s Mem. of Law in Supp. of Non-Retroactive Appl. of the *Schatzman* Decision ("Pl.'s Mem.") 3.

[15] *Stoltz*, 616 A.2d at 1211.

[16] *Id.*

[17] *See Knott*, 95 A.3d at 18; *Delmarva Auto Fin. Servs. v. White*, 100 A.3d 1059, 1069-70 (Del. Super. 2014).

6

position. The purpose of requiring renewal after five years is to allow a debtor to object to collection and "lodge substantive objections to the creditor's continued collection efforts."[18] Applying the rule retroactively in Mergenthaler's case does not advance that purpose – since Triumph lodged no substantive objections to continued collection – but it also does not hinder the rule's purpose in this or other hypothetical cases.

Mergenthaler, however, argues retroactive application would "cause the New Castle Superior Court and its judgment creditors to be subject to potentially countless numbers of debtors moving to open completed executions."[19] This parade of horribles appears farfetched, however, because Superior Court Civil Rule 60(b) is unlikely to afford relief to judgment debtors who could have, but did not, move to quash a writ in a timely manner.[20] Put differently, just as Triumph moved to quash the 2016 Writ on the basis that the judgment had not timely been refreshed, other judgment debtors could have done the same. In addition, the Court is unaware of any such floodgates opening in the 23 months since *Schatzman* was affirmed by the Delaware Supreme Court, even though there is a presumption in favor of retroactive application.

---

[18] *Triumph Mortg. Corp.*, slip op. at 7.

[19] Pl.'s Mem. at 10.

[20] The only apparent argument available for relief in such a case would be excusable neglect under Rule 60(b)(1) or the catchall extraordinary circumstances under Rule 60(b)(6). Either standard seems difficult to meet for a judgment debtor who did not seek to quash a writ or immediately move for relief after *Schatzman* was decided.

Finally, as to the third *Chevron* factor, retroactively applying *Schatzman* would not produce substantial inequitable results. This factor takes into account many of the same reliance principles considered in connection with the first factor, because "it is well established that reliance interests weigh heavily in the shaping of an appropriate equitable remedy."[21] Therefore, if there is no lack of diligence on a plaintiff's part, and no way for the plaintiff to anticipate the newly announced legal principle, this factor favors prospective application, particularly when retroactive application would leave a plaintiff without any remedy altogether.[22] Here, Mergenthaler diligently pursued collection efforts, but failed to renew despite the *Knott* decision referring to the need for renewal every five years. Although retroactively applying *Schatzman* will bar Mergenthaler from seizing the assets held in the pledge account at issue in this case, the judgment remains valid and enforceable, and he may pursue other collection efforts.

In summary, none of the *Chevron* factors weigh in Mergenthaler's favor, and he cannot meet his burden of resisting retroactive application. *Schatzman* therefore requires that the Court grant Triumph's motion to quash the 2016 Writ.

---

[21] *Juzwin*, 900 F.2d at 697 (quoting *Lemon*, 411 U.S. at 203).
[22] *See Chevron*, 400 U.S. at 108; *Juzwin*, 900 F.2d at 696.

8